IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN DAWAYNE WILLIS,

    Plaintiff,

v.

LIZA LANGFORD; PORTLAND POLICE
BUREAU; MULTNOMAH COUNTY;
and STATE OF OREGON,

    Defendants.

Case No. 3:22-cv-00122-JR

ORDER

RUSSO, Magistrate Judge.

Plaintiff, an adult in custody at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. For the reasons set forth below, plaintiff must file an Amended Complaint.

## BACKGROUND

Plaintiff alleges that defendant Langford, who represents plaintiff as his attorney in pending criminal proceedings, violated plaintiff's rights by failing to provide plaintiff with discovery and failed to seek dismissal of charges against plaintiff. Plaintiff alleges Langford acted "in

1 - ORDER

collusion" with the state, the county, and the Portland Police Bureau. As a result, plaintiff alleges, he remains in custody in violation of his constitutional rights and state law. By way of remedy, plaintiff seeks money damages and expungement of his criminal records.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the

2 - ORDER

violation of his rights. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

As an initial matter, plaintiff names as defendants the Portland Police Bureau and Multnomah County, but does not allege facts that would establish municipal liability. See Monell, 436 U.S. at 690-91. A municipal entity is liable under § 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom; a municipality may not be held vicariously liable under § 1983 simply based on the allegedly unconstitutional acts of its employees. Mt. Healthy City Sch. Dist. Bd. Of Ed. v. Doyle, 429 U.S. 274, 280 (1977); Board of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Moreover, defendant State of Oregon is immune from suit, as the Eleventh Amendment bars suit in federal court against either a state or an agency acting under its control absent a clear and equivocal waiver. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curium).

As noted, in order to state a claim under § 1983, a plaintiff must allege that the defendant, acting "under color of state law," deprived him of a right secured by the U.S. Constitution or federal law. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). A public defender "performing a lawyer's traditional functions" does not act under color of state law. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff's allegations against defendant Langford arise directly from her traditional functions as counsel in his criminal proceeding and, as such, plaintiff fails to state a claim against Langford upon which relief may be granted. Although an attorney representing a criminal defendant does not act under color of federal law, a public defender engaged in intentional misconduct as part of a conspiracy with federal actors to violate a plaintiff's rights can be liable under § 1983 for that conduct. See Tower v. Glover, 467 U.S. 914, 920 (1984)

3 - ORDER

("an otherwise private person acts 'under color of' [federal] law when engaged in a conspiracy with [federal] officials to deprive another of federal rights"). However, to state a conspiracy claim, a plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights.'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (citation omitted). The Court "need not, however, accept as true allegations that . . . are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) amended on other grounds, 275 F.3d 1187 (9th Cir. 2001).

Plaintiff makes the conclusory statement that defendant Langford acted "in collusion" with law enforcement agencies to violate his rights. Plaintiff has not made any factual allegations to support an agreement or meeting of the minds. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice"). Accordingly, plaintiff does not allege a claim against Langford upon which relief may be granted.

Finally, a claim for damages for an allegedly unconstitutional imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983, "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994); see also Guerrero v. City of Gates, 442 F.3d 697, 703 (9th Cir. 2006) (holding wrongful arrest, malicious prosecution, and conspiracy to bring false charges barred by Heck). The Heck rule also applies to Fourth Amendment claims based on allegations of unlawful search and seizure of property. See Whitaker v. Garcetti, 486 F.3d 572, 583-84 (9th Cir. 2007) (Heck

bars a plaintiff's claims challenging the search and seizure of evidence upon which criminal charges were based).

Heck applies to pretrial detainees and to claims arising out of pending charges. Alvarez-Machain v. United States, 107 F.3d 696, 700–701 (9th Cir. 1996); see also Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1988) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded charges against him). However, the Supreme Court has announced that the Heck rule bars an action only if there is an existing conviction. See Wallace v. Kato, 549 U.S. 384, 393 (2007).

In Wallace, the Supreme Court held that *Heck* does not encompass the principle that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside." Id. Instead of requiring dismissal of civil claims filed in the shadow of an impending criminal case under Heck, the Supreme Court noted that if a plaintiff files a § 1983 false arrest claim before he is convicted, or "any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94. If the plaintiff is then convicted, and the stayed civil suit would impugn that conviction, Heck then requires dismissal. Id. Otherwise, the case may proceed. Id.

Because it is not clear from the face of the Complaint whether plaintiff has been convicted of a crime, and because plaintiff does not allege that any such conviction has been invalidated, to

5 - ORDER

the extent plaintiff alleges his current confinement results from his alleged unconstitutional detention and the alleged illegal seizure of his property, plaintiff's Complaint is subject to dismissal.

To the extent plaintiff alleges claims for relief under state law, although the Court may exercise supplemental jurisdiction over state law claims, the Court may also decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). As discussed above, plaintiff's Complaint fails to state a plausible federal claim for relief. If plaintiff fails to file an Amended Complaint which cures the deficiencies noted, plaintiff's state law claims will be dismissed as well. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff must file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this Order. Plaintiff is advised that the amended complaint will operate as a complete substitute for the present complaint, not as a supplement. Plaintiff is further advised that failure to file an Amended Complaint, or failure to cure the deficiencies noted above, shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this   24th   day of February 2022.

　　　　　　　　　　　　　　　　　  /s/ Jolie A. Russo
　　　　　　　　　　　　　　　　　Jolie A. Russo
　　　　　　　　　　　　　　　　　United States Magistrate Judge